■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERSON CASTILLO, Also Known as GERSON CASTRO, Appellant. [816 NYS2d 353]—Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered March 22, 2004, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, and judgment of resentence, same court (Micki A. Scherer, J.), rendered March 31, 2004, convicting defendant, upon his plea of guilty, of violation of probation, revoking his prior sentence of probation and resentencing him to a consecutive term of 1 to 3 years, unanimously affirmed.

The resentencing court properly exercised its discretion in imposing a consecutive sentence for defendant's violation of probation, and that sentence was not harsh or excessive. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO NOBLE, Appellant. [816 NYS2d 352]—Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered July 22, 2004, convicting defendant, upon his plea of guilty, of grand larceny in the second degree, and sentencing him to a term of five years' probation with restitution in the amount of $210,000, and order, same court and Justice, entered June 21, 2005, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant's guilty plea was knowing, intelligent and voluntary. When viewed in light of the entire plea proceeding, there is nothing in defendant's factual allocution that casts doubt on defendant's guilt or on the voluntariness of his plea (*see People v Fiedler*, 155 AD2d 613 [1989], *lv denied* 75 NY2d 868 [1990]). The record also establishes that defendant received effective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]). We have considered and rejected defendant's remaining arguments. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.